## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## SUMCO MANUFACTURING CO., INC., and Summit Grinding Company, Respondents.

### No. 80–1686.

United States Court of Appeals,
Sixth Circuit.

Submitted Sept. 28, 1984.

Decided Nov. 1, 1984.

Elliott Moore, Linda Weisel, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Harvey B. Rector, Labor Consultant, Ohio, Joseph O'Leary, Akron, Ohio, for respondents.

Before EDWARDS and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is the second time this case has been brought before this court for decision. In the first instance, on an unfair labor practice charge, this court entered an order finding "that the findings and order of the Board are supported by substantial evidence on the record as a whole. It is therefore ORDERED that the order of the Board in this case be and it hereby is enforced." 678 F.2d 46.

Subsequently there was controversy between the Board and Sumco over the amount of backpay owed to the employees who had been adversely affected by discriminatory hiring of new employees or the transferring of other employees. The Regional Director thereupon issued a backpay specification and an Administrative Law Judge found that the respondent, while denying the appropriateness of the backpay formula and computation, presented no alternative formula or figures. Thereupon the General Counsel's motion for summary judgment was granted. The Board thereafter affirmed the ALJ's decision providing that backpay would continue until such time as valid offers of reinstatement were made to the discriminatees.

On consideration of the briefs and record filed in this appeal, we hold that the argument advanced by respondent appears essentially to reargue the unfair labor prac-

tice case which has previously been finally decided against the companies concerned.

■ What is currently before this court is a petition for enforcement of the Board's order determining the amount of backpay due 16 named discriminatees. We recognize that the company belatedly has sought to raise contentions concerning backpay which should have been raised before the Board. These contentions, however, cannot be adjudicated on appeal by this court.

■ Enforcement of the Board's order, dated August 22, 1983, which adopted the recommended order of the ALJ and ordered that respondent Sumco Manufacturing Company, Summit Grinding Company, Mogadore, Ohio, their officers, agents, successors, and assigns, shall take the action set forth in the said recommended order of Michael O. Miller, ALJ, dated February 15, 1983, is hereby granted by this court. An additional reason for this order is that counsel for the respondent failed to file a joint appendix on or before September 14, 1984, as ordered by this court.